UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | Case No. 1:23-cv-385 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JOHN DOE subscriber assigned IP Address 184.54.74.148, | : | |
| Defendant and | : | |
| IAN-ZACHARIAH WARD, | : | |
| Respondent. | : | |

**ORDER DENYING RESPONDENT'S OBJECTION TO SUBPOENA**

This case is before the Court upon Respondent's Objection to Subpoena to Produce Objects in a Civil Action (Doc. 10) and Plaintiff's Response in Opposition (Doc. 12).

The objections raised by the Respondent do not raise valid grounds under the law to quash Plaintiff's subpoena.

Plaintiff has stated a valid claim for direct copyright infringement, as this Court has already held in granting early discovery. Moreover, the conclusory statement that the Respondent "will be maintaining [his] privacy" is neither grounds to quash nor a valid objection to discovery. Such privacy concerns can be addressed through a protective order, which Plaintiff recommends here as it has in previous cases before this Court. Finally, the Respondent's blanket Fourth and Fifth Amendment objections are inapt.

Plaintiff consents to entry of a protective order permitting the Respondent to remain pseudonymous as "John Doe." This will safeguard his privacy while allowing Plaintiff to receive and review the critical information it needs to prosecute its claim.

The Federal Rules of Civil Procedure are clear: courts will only quash or modify a subpoena under limited circumstances: if the subpoena (1) fails to allow a reasonable time to comply; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions. *See* Fed. R. Civ. P. 45(d)(3)(A) - B. There are no other grounds are listed. *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 3888455 at *2 (D. Colo. Jan. 30, 2017) (collecting cases). Moreover, the movant bears the burden of showing that a subpoena should be quashed. *Id.*). Here, Respondent fails to present a valid reason to quash the subpoena.

Accordingly, Respondent's objections to the subpoena are **DENIED** and Respondent shall comply with the subpoena forthwith.

**IT IS SO ORDERED.**

Date:  5/16/2024

*s/Timothy S. Black*
Timothy S. Black
United States District Judge